IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VIERICAN LLC d.b.a. MIDAS OF MAUI,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MIDAS INTERNATIONAL, LLC fka MIDAS INTERNATIONAL CORPORATION,<br><br>　　　　Defendant. | CIVIL NO. 19-00620 JAO-KJM<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING WITHOUT PREJUDICE MOTION TO STAY CASE PENDING ARBITRATION OR TO DISMISS AMENDED COMPLAINT |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING WITHOUT PREJUDICE MOTION TO STAY CASE PENDING ARBITRATION OR TO DISMISS AMENDED COMPLAINT**

On January 16, 2020, the Court issued an Entering Order ("EO") denying *without prejudice* Defendant's Motion to Stay Case Pending Arbitration or to Dismiss Amended Complaint. ECF No. 32. Defendant now seeks reconsideration of the EO. ECF No. 33. This matter shall be decided without a hearing pursuant to Rule 7.1(d) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii ("Local Rules"). The Motion is DENIED for the reasons that follow.

DISCUSSION

Defendant asks the Court to vacate its EO. Defendant's bases for reconsideration are: (1) the Federal Arbitration Act ("FAA") contains no requirement that it move to compel arbitration before the Court may stay or dismiss the action and (2) Defendant does not seek to compel arbitration given the Court's inability to compel arbitration outside of Hawaiʻi.[1] Local Rule 60.1 governs motions for reconsideration, which are disfavored,[2] and provides three grounds for reconsideration of interlocutory orders:

    (a) Discovery of new material facts not previously available;

    (b) Intervening change in law; and/or

    (c) Manifest error of law or fact.

Local Rule 60.1.

The Ninth Circuit requires that a successful motion for reconsideration accomplish two goals. "First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision. Second, the motion must set forth facts or law of a 'strongly convincing' nature to induce the court to

---

[1] Defendant's second argument reflects its continued misapprehension of the applicable law and the mechanics of determinations concerning arbitration.

[2] Defendant's decision to file this Motion instead of conforming its request to the EO is perplexing because the Court denied its motion without prejudice.

reverse its prior decision." *Jacob v. United States*, 128 F. Supp. 2d 638, 641 (D.

Haw. 2000) (citing *Decker Coal Co. v. Hartman*, 706 F. Supp. 745, 750 (D. Mont.

1988)) (citation omitted).  Mere disagreement with a court's analysis in a previous

order is not a sufficient basis for reconsideration.  *See White v. Sabatino*, 424 F.

Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Leong v. Hilton Hotels Corp.*, 689 F.

Supp. 1572 (D. Haw. 1988)); *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp.

2d 1253, 1269 (D. Haw. 2005).  "Whether or not to grant reconsideration is

committed to the sound discretion of the court." *Navajo Nation v. Confederated

Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir.

2003) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.

2000)).

Here, Defendant has not demonstrated that it is entitled to reconsideration,

nor has it set forth facts or law of strongly convincing nature to compel reversal of

the EO.  Notably, by a separate Entering Order issued on January 14, 2020, the

Court flagged for Defendant the interplay between compelling arbitration and

staying or dismissing the litigation and provided Defendant with an opportunity to

respond:

> EO:  Defendant is directed to file a declaration by 4:00 p.m. on
> 1/15/20 clarifying the relief sought in its [20] Motion to Stay
> Case Pending Arbitration or to Dismiss Amended Complaint.
> Defendant's request is limited to staying or dismissing the
> litigation pending arbitration, but Plaintiff's opposition to the
> motion reflects that the parties dispute the arbitrability of the

> claims. In fact, Plaintiff argues that the underlying Franchise
> Agreement is unconscionable. Although a determination about
> whether the claims are subject to arbitration should be made as
> a preliminary matter, Defendant has not moved to compel
> arbitration. *See Johnmohammadi v. Bloomingdale's, Inc.*, 755
> F.3d 1072, 1074 (9th Cir. 2014) ("[A] district court may either
> stay the action or dismiss it outright when . . . the court
> determines that all of the claims raised in the action are subject
> to arbitration."). Regardless of whether Defendant believes that
> arbitrability should be submitted to the arbitrator, and the case
> stayed or dismissed, the Court must first decide whether the
> parties intended to arbitrate arbitrability. The Court defers
> ruling on Harold Bruno, III's request to appear telephonically at
> the 1/31/20 hearing pending Defendant's response to this
> Entering Order.

ECF No. 30. Defense counsel's Declaration merely regurgitated select arguments from Defendant's motion and stated: "Midas does not seek an order from the court to compel the Plaintiff to arbitrate." ECF No. 31 at ¶ 4.

Critically, Defendant did not raise the contentions that serve as the bases for this Motion, nor cite any of the legal principles it now advances. Arguments presented for the first time in a motion for reconsideration are not properly before the Court. *See cf. Figy v. Amy's Kitchen, Inc*, No. C 13-03816-SI, 2014 WL 3362178, at *3 (N.D. Cal. July 7, 2014) (stating that a "Rule 60(b) motion cannot be used to present new arguments that could have been raised prior to the entry of judgment"). Defendant clearly disagrees with the EO, but that cannot serve as a basis for reconsideration, particularly when it had an opportunity to provide meaningful clarification after the prior Entering Order but chose not to do so.

4

Moreover, the Court emphasizes that its denial *without prejudice* of the motion to stay or dismiss was not on the merits and in no way impaired Defendant's ability to obtain the relief it sought. Although Defendant failed to include certain applicable legal standards and analyses that are essential to evaluating whether it is entitled to the relief it ultimately wishes to obtain, Defendant could have—and may still—rectify those shortcomings in a renewed motion.

Even if Defendant had presented the arguments it now relies upon, the Court would have reached the same decision. Defendant has thrice cited Section 10.12 of the Franchise Agreement to suggest that claims *must* be submitted to arbitration, but Section 10.2 does not divest the Court of its obligation to assess arbitrability. *Momot v. Mastro*, 652 F.3d 982, 988 (9th Cir. 2011) ("Accordingly, the question of arbitrability is left to the court unless the parties clearly and unmistakably provide otherwise. Such "[c]lear and unmistakable 'evidence' of agreement to arbitrate arbitrability might include . . . a course of conduct demonstrating assent . . . or . . . an express agreement to do so." (alteration in original) (citation omitted)).[3] Defendant appears to believe that the Court has ignored its repeated reference to

---

[3] The cases citing *Momot v. Mastro* that concerned the issue of whether the parties delegated arbitrability to the arbitrator addressed motions to compel arbitration. *See, e.g., Mohamed v. Uber Techs., Inc*., 848 F.3d 1201, 1207 (9th Cir. 2016); *Drake v. Conn's HomePlus*, No. CV-18-02773-PHX-DLR, 2019 WL 2568841, at (continued . . . .)

5

Section 10.12. The Court is well-aware of the provision. However, it is not the exclusive authority and automatic trigger that Defendant touts it to be.

Defendant relies on the provisions of the FAA and a 1935 Supreme Court case, *Shanferoke Coal & Supply Corp. v. Westchester Service Corp.*, 293 U.S. 449 (1935), for the proposition that the power to grant a stay is not conditioned upon the power to compel arbitration.[4] *Id.* at 453. Not only is *Shanferoke* factually distinguishable, this Court has not opined that its power to stay or dismiss is conditioned upon its power to compel arbitration. Rather, the Court noted that determinations to compel arbitration precede determinations about whether to stay or dismiss an action. ECF No. 32. Even a cursory review of precedent and cases within the Ninth Circuit reveal that unless arbitration is already pending,[5] requests to stay or dismiss are consistently accompanied by requests to compel arbitration. *See, e.g.*, *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 65 (2010); *Green Tree*

---

(. . . . continued)
*1 (D. Ariz. June 21, 2019); *Fridman v. Uber Techs., Inc.*, No. 18-CV-02815-HSG, 2019 WL 1385887, at *1 (N.D. Cal. Mar. 27, 2019); *Brock v. Copart of Wash., Inc.*, No. 3:18-CV-02012-BR, 2019 WL 959591, at *3 (D. Or. Feb. 27, 2019); *Marshall v. Rogers*, No. 2:18-CV-00078-JAD-CWH, 2018 WL 2370700, at *1 (D. Nev. May 24, 2018); *Olivas v. Hertz Corp.*, No. 17-CV-01083-BAS-NLS, 2018 WL 1306422, at *1 (S.D. Cal. Mar. 12, 2018).

[4] Defendant also cites a "more recent" 1986 Fifth Circuit case and a District of Kansas case, neither of which are binding or persuasive. ECF No. 33 at 6.

[5] The record does not indicate that any arbitration is currently pending.

*Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 83 (2000); *Johnmohammadi*, 755 F.3d at 1073; *MediVas, LLC v. Marubeni Corp.*, 741 F.3d 4, 6 (9th Cir. 2014); *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1267 (9th Cir. 2006) (en banc); *Broom v. Mydatt Servs., Inc.*, No. CV 18-00358 JMS-RT, 2019 WL 1522878, at *1 (D. Haw. Apr. 8, 2019); *Armstrong v. Michaels Stores, Inc*., No. 17-CV-06540-LHK, 2018 WL 6505997, at *1 (N.D. Cal. Dec. 11, 2018); *Lexington Ins. Co. v. Centex Homes*, 795 F. Supp. 2d 1084, 1088 (D. Haw. 2011). This makes sense because if an arbitration is not pending, the Court has no other way of ensuring that arbitration occurs and the matter could sit idle. And courts engage in a formulaic analysis—disregarded by Defendant—that begins, at a minimum, with an evaluation of the enforceability of the subject agreement and its provisions.

In accordance with the foregoing, Defendant has presented no basis for reconsideration. The Court, exercising its discretion, therefore declines to vacate its EO and DENIES the Motion. As before, Defendant may renew its request but should ensure that all issues bearing on a requested stay or dismissal are presented to the Court.

## CONCLUSION

For the reasons articulated above, the Court HEREBY DENIES Defendant's Motion for Reconsideration of Order Denying Without Prejudice Motion to Stay Case Pending Arbitration or to Dismiss Amended Complaint. ECF No. 33.

7

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, January 28, 2020.

Jill A. Otake
United States District Judge

Civil No. 19-00620 JAO-KJM; *VieRican LLC v. Midas International, LLC*; ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING WITHOUT PREJUDICE MOTION TO STAY CASE PENDING ARBITRATION OR TO DISMISS AMENDED COMPLAINT

8